# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2019

No. 19-20480
Summary Calendar

Lyle W. Cayce
Clerk

REBECCA SINGLETON,

Plaintiff−Appellant,

versus

YOUNG MEN'S CHRISTIAN ASSOCIATION (YMCA)
OF GREATER HOUSTON,

Defendant−Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:17-CV-2903

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

After being terminated, Rebecca Singleton sued her employer, Young Men's Christian Association (YMCA) of Greater Houston, for race discrimina-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tion under Title VII. In an impressive, detailed, twenty-three-page Memorandum Opinion and Order, the district court granted the employer's motion for summary judgment. *See Singleton v. Young Men's Christian Association (YMCA) of Greater Houston*, No. H-17-2903, 2019 U.S. Dist. LEXIS 107094 (S.D. Tex. June 26, 2019) (Lake, J.).

The district court concluded that Singleton had not established a *prima facie* case in that she "was [not] replaced by someone outside of her protected class or treated less favorably than other similarly situated employees who were outside of her protected class." *Id.* at \*7–8 (citing *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017)). "Missing from the summary judgment record is evidence identifying any co-worker who was treated more favorably than the plaintiff under nearly identical circumstances." *Id.* at \*11.

Assuming a *prima facie* case *arguendo*, the court further convincingly explained that the employer had articulated a legitimate, nondiscriminatory reason for the termination, namely, "poor job performance," *id.* at \*15, and that the reason or reasons given were not pretextual: "Because plaintiff fails to present evidence from which a reasonable jury could conclude that Swirczek and/or Lopez did not honestly believe that plaintiff's performance was deficient and deserving of termination, or that the defendant's stated reason. . . was a pretext for race discrimination, . . . the defendant is entitled to summary judgment." *Id.* at \*23.

The district judge's conclusions are well documented in his thorough opinion. The summary judgment is AFFIRMED, essentially for the reasons explained.